■ In the Matter of the Claim of HOWARD BERKOWITZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Staley, Jr., Sweeney and Kane, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). Claimant was told on September 9, 1971 that he would be discharged effective September 24. He chose to leave on September 10. On these undisputed facts, the Unemployment Insurance Appeal Board has determined that claimant's leaving of employment was without good cause. I disagree. This case should not properly be governed by the well-settled rule applicable where an employee leaves his job

because of a mere suspicion, however well-founded, that his employment is to be terminated. Here, claimant did not merely believe that he was going to be fired, but knew as a fact that his discharge was to take place on a date certain only two weeks into the future. It cannot reasonably be said that there is not good cause for refusing to return, for only two weeks, to an embarrassing and very possibly hostile working environment, particularly when that time could have been well spent looking for new employment. Of course, if claimant had not spent the time seeking work, he could be disqualified from benefits for that reason, but no findings were made on this issue. *Matter of Molnar (Levine)* (39 A D 2d 1014) is distinguishable, for there the claimant's pending termination was the result of a mandatory retirement policy, so it certainly could not be said that claimant would have been exposed to an unfavorable atmosphere. Moreover, Molnar's advanced age (70) would have, in all likelihood, rendered the search for new employment fruitless. I would overrule *Matter of Schneider (Levine)* (37 A D 2d 788), the only other decision directly on point, and hold that where a claimant is told as a fact that he is going to be discharged, departure a reasonable time prior to the effective date of termination shall not be the basis for denial of benefits.