■ In the Matter of the Claim of JOSEPH A. GRIECO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 1972, which determined (1) that claimant was ineligible to receive benefits on the ground that he voluntarily left his employment without good cause, (2) that he willfully made a false statement to obtain benefits by reason of which a forfeiture of eight effective days was imposed as a penalty, and (3) that benefits paid him constituted a recoverable overpayment. Claimant was employed as a bookkeeper at a salary of $200 a week from December 27, 1971 through April 5, 1972. On the 6 of April he was informed by his employer that the following day, April 7, a Friday, would be his last day of employment. Claimant stated he would like to leave on April 6, to which the employer had no objection, and the employment was thus terminated. The board found claimant could have worked through the 7th, but instead chose to leave voluntarily on the 6th and that this constituted a voluntary leaving without good cause. In view of this finding the board did not consider the reasons relied upon by the employer for terminating claimant's services. It further found that claimant advised the insurance office that his last job terminated because he " completed work assigned (temp.) (as expected) (laid off) "; that such statements concealed the fact that he had left employment in advance of the time designated by his employer; and the effect thereof constituted a willful misrepresentation to obtain benefits. We find no support in the present record for the board's determination that claimant left voluntarily. It is conceded that claimant expressed a desire to leave on the 6th and that the employer agreed. Hence, claimant did not leave his employment in advance of the time designated by the employer. Under these circumstances we conclude the termination took effect immediately and there was no further employment available for the claimant by his employer. This did not constitute a voluntary leaving, but rather an involuntary termination, and the decision of the board must be reversed. Decision reversed, with costs to appellant, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.