■ In the Matter of the Claim of CONSTANCE C. McEVILLEY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal (1) from a decision of the Unemployment Insurance Appeal Board, filed October 8, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause and (2) from a decision of the Unemployment Insurance Appeal Board, filed April 7, 1975, which, upon reconsideration, adhered to its prior decision. Claimant worked for the Selective Service System for approximately 12 years as a clerk-typist until she resigned on June 10, 1974. At a hearing before a referee, claimant testified that she had received a notice dated May 1, 1974 stating that a reduction in force would necessitate her separation from employment effective June 29, 1974 and that she resigned before that date, without definite prospects of other employment, at least in part because she feared her employer might offer her a position at an unacceptable location and that her refusal of such an offer might jeopardize the severance benefits she otherwise expected to obtain. In this factual setting, the board was free to conclude, as it did, that in leaving her employment in advance of the date specified by her employer, claimant had voluntarily separated herself from employment without good cause (cf. *Matter of Fisher [Levine]*, 36 NY2d 146; *Matter of Grieco [Levine]*, 41 AD2d 799; *Matter of Berkowitz [Levine]*, 41 AD2d 791). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

■ In the Matter of the Claim of RAQUEL ESTRADA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 9, 1975, which modified and affirmed the decision of a referee and found claimant disqualified from receiving benefits effective May 1, 1974, because she lost her employment through misconduct. The record shows that claimant was frequently late for work over an extended period of time and that she admittedly had been warned that continued tardiness in reporting for work would result in her discharge. The board's decision that claimant's refusal to accelerate her departure from home so as to arrive at work on time constituted misconduct, is a factual determination which is supported by substantial evidence and must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.