340 So.2d 1229 (1976)
Julia Evelene JOHNSTON, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE et al., Respondents.
No. 76-1237.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Leon B. Cheek, III, Altamonte Springs, for petitioner.
Kenneth H. Hart, Jr., General Counsel, Tallahassee, and James R. Parks, Miami, for respondent Florida Department of Commerce Division of Employment Security.
ALDERMAN, Judge.
A petition for writ of certiorari is presented by a former employee of Corporate Group Services, Inc. seeking review of an order of the Industrial Relations Commission which denied petitioner unemployment compensation benefits. We have jurisdiction under Article V, Section 4(b), Florida Constitution and Section 443.07(4)(e), Florida Statutes (1975).
Petitioner had been employed by Corporate Group Services, Inc. as a clerical worker. *1230 Shortly after her transfer to a new department of that corporation, she was informed by an officer of her employer that her employment was being terminated. The reason given was that petitioner was not sufficiently qualified for her duties in the new department.
It is undisputed that petitioner was discharged from her employment. She was told on May 13, 1975 that she could work for two more weeks, and when she asked if it would hurt her in any way to leave sooner, her employer told her that it would not. Petitioner thereupon chose to leave at the end of the same day on which she was told she was being laid off. Her reasons for not wanting to stay for the remaining two weeks were that she was upset over being fired and did not want to continue in an unpleasant atmosphere.
Upon leaving her job, petitioner applied for unemployment compensation benefits and was refused. The denial of benefits was based upon the fact that she had voluntarily quit prior to the effective date of the termination notice, and therefore her quitting was without good cause attributable to her employer. The applicable statute is Section 443.06(1), Florida Statutes (1975):
"443.06 Disqualification for benefits.  An individual shall be disqualified for benefits: (1) For the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division, and for not more than 12 weeks which immediately follow such week, as determined by the division in each case according to the circumstances in each case or the seriousness of the misconduct. Provided, however, that disqualification under this subsection shall continue for the full period of unemployment next ensuing after he has left his work voluntarily without good cause or has been discharged for misconduct connected with his work and until such individual has become reemployed and has earned wages equal to or in excess of 10 times his weekly benefit amount, and provided, further, that good cause as used in this subsection shall include only such cause as is attributable to the employer or consists of illness or disability of the individual, other than pregnancy, requiring separation from his employment. An individual shall not be disqualified under this subsection for voluntarily leaving temporary employment to return immediately when called to employment by the permanent employer who temporarily terminated his employment within the previous 6 calendar months."
In reference to the facts of this case we interpret Section 443.06(1), Florida Statutes, to mean that where an employer notifies its employee that his or her employment is being definitely terminated as of a given date, the employee has not "voluntarily left his employment without good cause attributable to his employer" if he or she chooses not to work during all or part of the period between notification and the date given by the employer as the date of termination. In such a situation the employer has fired the employee; the employee has not discharged himself, but rather, being faced with the inevitable, has decided to leave before what might be called the notice period is up. In a case of that kind, the period of voluntary unemployment is that portion of the notice period (the notice period being the time, if any, between notice of discharge and actual discharge) during which the employee chooses not to work. The employee is ineligible to receive unemployment benefits during the notice period, for he could continue on the job if he wished. The period of involuntary unemployment begins with the date which the employer designated as the termination date when it gave the employee notice. If the employee is otherwise eligible for unemployment compensation benefits, his leaving work after he was given definite notice will not deprive him of those benefits during the period of involuntary unemployment.
The facts of this case clearly distinguish it from Quick v. North Central Florida *1231 Community Mental Health Center, 316 So.2d 301 (Fla. 1st DCA 1975). There a nurse was given a choice of resigning or being terminated. She chose to sign a letter of resignation to be effective one month later, but then she quit work immediately. The nurse, however, had a third alternative: She could have exercised a grievance procedure with her employer which might have resulted in her not being discharged at all. For that reason the termination of her employment by her employer was not definite, despite her employer's wishes in the matter, and she was held to have voluntarily left her employment without good cause attributable to her employer.
At least in New York there have been cases which appear to conflict with our holding here. Schneider v. Levine, App. Div., 324 N.Y.S.2d 535 (1971); Berkowitz v. Levine, 41 A.D.2d 791, 341 N.Y.S.2d 239 (1973). Those cases (marked by strong dissenting opinions) are not persuasive. We prefer to cite with approval the reasoning of the Pennsylvania court in Department of Labor and Industry v. Unemployment Compensation Board of Review, 133 Pa.Super. 518, 3 A.2d 211 (1938), which involved facts similar to those of the present case.
"In our view of the case the claimant's employment was broken or severed as a result of the act of the employer in notifying him that he would be laid off on December 24, seven days later. His leaving was due to this positive act of the employer, which was never withdrawn or modified. His leaving a few days in advance of the time fixed for his lay-off, with the employer's full assent, cannot be construed as `voluntarily leaving work', but only as anticipating by a few days, with the consent of the employer, the effective date of his dismissal. He did not leave the work of his own motion or accord, but in consequence of the action of the employer laying him off. His dismissal became effective as of December 24, 1937 .. ." (At 215.)
The petition for writ of certiorari is granted. The order of the Industrial Relations Commission is quashed, and the case is remanded for further proceedings consistent with this opinion.
MAGER, C.J., and DOWNEY, J., concur.