■ In the Matter of the Claim of SUSAN M. ZIEMBIEC, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1977, which adopted and affirmed a referee's decision disqualifying the claimant from benefits upon the ground that she voluntarily left her employment without good cause. The record establishes that the claimant was employed as a temporary summer factory worker for the period of May 4, 1976 to and including September 20, 1976. The claimant's work week was Monday through Friday and she testified that on Friday, September 17, 1976, her supervisor said to her "why come in for one day's pay." Following a hearing held upon the objection of the employer to the payment of benefits, the referee found: "On Friday, September 17, 1976, claimant was told by her foreman that she could leave her job at the end of that day or that she could continue to work through September 20. Claimant chose to quit on September 17." The referee and the board have disqualified claimant upon the ground that she voluntarily quit her employment; however, that decision is not supported by substantial evidence. It is established that when the employer advances a termination date, the termination is involuntary (Matter of Grieco [Levine], 41 AD2d 799). The actual effect of the urging by the supervisor as to not bothering to come in just for one day of work is exemplified by the testimony of the employer's representative at the referee hearing: "If an employee took the option of leaving early, that was their problem." It does not appear that it was the intent of the Legislature in providing for benefits to those persons who are unemployed through no fault of their own (Labor Law, § 501) to create a system which would deny benefits to a naive employee who is enticed by her employer to leave a day before the previously established final day of employment (see Matter of Grieco [Levine], supra; cf. Matter of McEvilley [Levine], 49 AD2d 774). Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of IGNAC HORO, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Decision affirmed, without costs (see Matter of Loeber [Levine], 51 AD2d 606, 607; Matter of Reitman [Catherwood], 27 AD2d 678). Greenblott, J. P., Staley, Jr., Main, Larkin and Herlihy, JJ., concur.