■ In the Matter of the Claim of GARY W. NESTER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1979, which affirmed the decision of an Administrative Law Judge sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause. Claimant was subject to an employment policy which required that he be terminated from his position as a law research assistant within 30 days after graduation from a law school. His resignation became effective some two weeks before that time limit would have expired and the board has disqualified him from receiving benefits on the ground he voluntarily left such employment without good cause. Although claimant testified at the hearing that this earlier separation occurred through employer participation and agreement (see *Matter of Ziembiec [Ross],* 62 AD2d 1105; *Matter of Grieco [Levine],* 41

AD2d 799), the record also contains his letter of resignation. Dated over a month before his anticipated graduation, it recited claimant's awareness of the employer's policy and expressed his apparent reason for a premature departure as follows: "I feel a need for additional time to prepare for the July bar examination." The board was entitled to, and obviously did, credit this explanation of affairs. It provides substantial evidentiary support for the board's decision and readily distinguishes the instant matter from the factual situations which prevailed in the foregoing authorities. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.