404 So.2d 380 (1981)
Gary V. KNAPP, Appellant,
v.
NATIONAL CONVENIENCE STORE and Unemployment Appeals Commission, Appellees.
No. VV-168.
District Court of Appeal of Florida, First District.
September 29, 1981.
Gary V. Knapp, in pro. per.
*381 James R. Parks, Tallahassee, for appellees.
PER CURIAM.
This cause is before us on appeal from the order of the Unemployment Appeals Commission which affirmed the decision of the appeals referee denying unemployment compensation benefits to claimant, appellant herein.
The claimant was employed from July 30, 1979, through November 16, 1979, as a clerk for an employer that operates a chain of convenience food stores. Claimant normally worked 56 hours per week. On November 10, 1979, the store manager told claimant that, effective January 1, 1980, his hours would be reduced from 56 to 16 hours per week. Claimant could have continued working his normal and customary work week until January 1, 1980, but, instead, chose to leave his employment on November 16, 1979, to seek other work.
The appeals referee, in ruling against the claimant, held that, while claimant may have established "good cause attributable to his employer" under Florida Statutes, Section 443.06(1), and entitlement to benefits if he had worked until his hours were cut, his leaving his employment six weeks prior to the date his hours were to be cut was voluntary and not attributable to his employer.
In Johnson v. Florida Department of Commerce, 340 So.2d 1229 (Fla. 4th DCA 1976), the court held that the employee was entitled to benefits where she left her job on the same day she was given two-weeks notice, holding (340 So.2d at 1230):
In reference to the facts of this case we interpret Section 443.06(1), Florida Statutes, to mean that where an employer notifies its employee that his or her employment is being definitely terminated as of a given date, the employee has not "voluntarily left his employment without good cause attributable to his employer" if he or she chooses not to work during all or part of the period between notification and the date given by the employer as the date of termination. In such a situation the employer has fired the employee; the employee has not discharged himself, but rather, being faced with the inevitable, has decided to leave before what might be called the notice period is up. In a case of that kind, the period of voluntary unemployment is that portion of the notice period (the notice period being the time, if any, between notice of discharge and actual discharge) during which the employee chooses not to work. The employee is ineligible to receive unemployment benefits during the notice period, for he could continue on the job if he wished. The period of involuntary unemployment begins with the date which the employer designated as the termination date when it gave the employee notice. If the employee is otherwise eligible for unemployment compensation benefits, his leaving work after he was given definite notice will not deprive him of those benefits during the period of involuntary unemployment.
We agree with the foregoing holding of the court in the Johnson case. Accordingly, the order below is reversed and the cause remanded for determination of what benefits, if any, claimant is entitled to beginning in January of 1980.
ERVIN, BOOTH and JOANOS, JJ., concur.