IN THE MATTER OF: CHARLES T. CIANFARRA, CLAIMANT-APPELLEE v. N. C. DEPARTMENT OF TRANSPORTATION, EMPLOYER-APPELLANT AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT

No. 815SC620

(Filed 16 March 1982)

1. **Master and Servant § 111— unemployment compensation—failure to except to Commission's finding—consideration of exceptions precluded**

    Under G.S. 96-4(m), even though defendant was not "aggrieved" by the Employment Security Commission's conclusion in a decision involving unemployment benefits, it could have brought its exceptions to the Commission's findings before the superior court, and its failure to do so precluded consideration of the exceptions by this Court.

2. **Master and Servant § 111— unemployment compensation—Commission's conclusion unsupported by findings**

    In an unemployment compensation proceeding, the superior court did not err in finding that the Commission's findings of fact did not support its conclusion that claimant was unqualified to receive benefits.

    Judge CLARK dissenting.

APPEAL by defendant and the Employment Security Commission from *Rouse, Judge.* Judgment entered 7 April 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 February 1982.

This action involves the superior court's reversal of an Employment Security Commission decision to deny unemployment benefits. The matter was first reviewed by a claims adjudicator for the Commission who determined that the claimant was not disqualified. An appeal was taken to an appeals referee who determined that claimant was disqualified because he had stopped working voluntarily without cause. A deputy commissioner denied benefits on the ground set forth by the referee. Claimant then appealed to the superior court, which reversed the Commission.

Testimony at the hearing before the Commission's appeals referee showed that claimant was given notice at the end of March, 1980, that his employment with the Department of Transportation would be terminated as of 11 April 1980. The employer's evidence tended to show that the reasons for termination included the employee's repeated absences from work, accidents on the job, drinking, inability to get along with co-workers, and loss of his driver's license.

On the morning of 11 April, claimant and his supervisor argued and claimant left work at about 9:00 a.m. although he was warned that he had no leave to cover the absence and would not be paid unless he worked the rest of the day.

Claimant testified that he had worked hard, that he had gotten along with other employees and that his absences had been due to an ulcer. He claimed he did not drink before or during work and contended that a driver's license was not necessary to do his work. He admitted leaving work after the confrontation with his supervisor.

Judge Rouse found that the referee's findings were supported by the evidence but did not support a conclusion that claimant was disqualified. The Commission and claimant's former employer appeal.

*Nelson, Smith and Hall, by Alexander M. Hall, for claimant appellee.*

*Attorney General Edmisten, by Associate Attorney Blackwell M. Brogden, Jr., for appellant N.C. Department of Transportation.*

*T. S. Whitaker and Gail C. Arneke for appellant Employment Security Commission.*

ARNOLD, Judge.

The Department of Transportation (D.O.T.) brings forth three assignments of error on appeal. The Commission brings forth two assignments of error which are substantially similar to the second and third assignments of the D.O.T. and which we shall therefore combine with the D.O.T.'s contentions for purposes of this opinion.

[1] The D.O.T. first contends that the trial court erred by failing to remand this cause for further findings and conclusions by the Employment Security Commission on the question of whether claimant's misconduct was the cause for his discharge. The D.O.T. argues that the Commission failed to make findings of fact regarding D.O.T.'s evidence of claimant's misconduct, and that such findings are required by G.S. 96-15. D.O.T. further argues that it could not except to the Commission's failure at an earlier stage in the appellate process because, until the trial court reversed the Commission's conclusion favoring D.O.T. on another ground, D.O.T. was not a "party aggrieved."

While it is true that D.O.T. was not "aggrieved" by the Commission's determination, we hold that it could have brought its exceptions to the Commission's findings before the superior court, and that its failure to do so precludes consideration of the exceptions by this Court. According to G.S. 96-4(m),

> "[f]rom all decisions or determinations made by the Commission or a Deputy Commissioner any party affected thereby shall be entitled to an appeal to the superior court. Before such party shall be allowed to appeal, he shall within 10 days after notice of such decision or determination, file with the Commission exceptions to the decision or the determination of the Commission, which exceptions will state the grounds of objection to such decision or determination. . . . When an exception is made to the facts as found by the Commission, the appeal shall be to the superior court in term time but the decision or determination of the Commission upon such review in the superior court shall be conclusive and binding as to all questions of fact supported by any competent evidence."

D.O.T.'s present appeal makes it clear that it was a "party affected" by the Commission's determinations with regard to Mr. Cianfarra's claim. Its failure to file timely exceptions, therefore, is fatal to this assignment of error.

[2] Both appellants assign error to the court's holding that the Commission's findings of fact did not support its conclusion that claimant was unqualified to receive benefits. G.S. 96-14(1) provides that an individual is not qualified for benefits ". . . if it is determined by the Commission that such individual is, at the time such

claim is filed, unemployed because he left work voluntarily without good cause attributable to the employer."

Claimant here was terminated by D.O.T. effective 11 April 1980. He filed for benefits 13 April 1980. At the time his claim was filed, claimant was unemployed because he had been fired by D.O.T., *not* because he left work early on 11 April 1980. We hold that Judge Rouse correctly applied the statute to the facts of this case and found that it dictated reversal.

Notwithstanding the court's use of terminology implying fact-finding, we find the "findings" were merely a summary of the case. Appellants cannot prevail on their assignment of error on this issue.

Affirmed.

Judge WHICHARD concurs.

Judge CLARK dissents.

Judge CLARK dissents.

The majority has ruled that the failure of the North Carolina Department of Transportation to bring its "exceptions to the Commission's findings before the superior court" precludes consideration of its exceptions relating to claimant's misconduct.

The Commission made no findings relating to misconduct, ruling instead that claimant was not qualified to receive benefits because he left his employment voluntarily without just cause. The Department of Transportation has been deprived of an alternative basis in law upon which a favorable judgment might be supported.

Before the Rules of Appellate Procedure became effective on 1 July 1975, there was no clear-cut procedure to protect appellees so deprived of such alternative basis in law to support a favorable judgment. Appellate Rule 10(d) introduced a new procedure whereby an appellee "may set out exceptions to and cross-assign as error any action or omission of the trial court . . . ." Before the adoption of the Appellate Rules such appellees were not parties aggrieved under G.S. 1-271. *Bethea v. Kenly,* 261 N.C. 730,

136 S.E. 2d 38 (1964). And the Supreme Court protected on occasion an appellee in this situation by drawing on the principle that "review is to correct judgments and not reasons." *See, e.g., Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561 (1948). The Appellate Rules do not apply to appeals under G.S. 96-4, but Appellate Rule 20 provides that statutes govern appeals from any agency.

I do not think that the Department of Transportation was a party "aggrieved" or "affected" within the meaning of G.S. 96-4(m). Thus, it had no right to appeal. G.S. 96-4(m), which governs appeals procedure in this case, contains no procedure for cross assignments of error or for otherwise protecting appellee's rights in this situation. There was convincing evidence to support a finding of misconduct by the claimant. The cause should be remanded for findings on this issue.