ROCHELLE L. EASON, CLAIMANT-APPELLANT v. GOULD, INCORPORATED AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RE- SPONDENTS-APPELLEES

No. 8310SC115

(Filed 7 February 1984)

**Master and Servant § 108— unemployment compensation—leaving job before an- nounced lay-off**

Where claimant left work on 4 March two weeks before her announced lay-off on 19 March and filed for unemployment benefits on 10 March, claimant was voluntarily unemployed without good cause attributable to her employer between the time of her application on 10 March and her lay-off date of 19 March, but claimant was unemployed with good cause attributable to her employer after the lay-off date of 19 March and thus would be eligible for unemployment benefits after that date. G.S. 96-14(1).

APPEAL by claimant from *Bailey, Judge*. Judgment entered 22 September 1982 in WAKE County Superior Court. Heard in the Court of Appeals 11 January 1984.

Claimant, Rochelle Lynn Eason, a former assembly-line work- er at Gould, Inc. of Wilmington, was denied unemployment bene- fits when she left work in March 1982, two weeks before an announced lay-off.

The facts, which are essentially undisputed by the parties, are as follows. Ms. Eason learned from fellow employees on 4 March 1982 that she would be laid off on 19 March 1982 due to a "slow down" at the plant where she worked. Claimant did not return to work after she learned of the impending layoff, and filed for unemployment benefits on 10 March 1982. Claimant indicated she decided not to return to work because she was unable to sup-

port herself without a steady income and therefore she was forced to live with her parents, who were moving to Raleigh.

Claimant's request for unemployment benefits was denied by Appeals Referee W. R. Perry, Jr., on the ground that ". . . claimant left the job voluntarily and . . . while claimant may have had a good personal reason for leaving, the leaving was without good cause attributable to the employer." Claimant's later appeals to Deputy Commissioner V. Henry Gransee, Jr., and to Wake County Superior Court were also unsuccessful. From the denial of benefits, claimant appealed.

*East Central Community Legal Services, by Victor J. Boone, for claimant.*

*Donald R. Teeter for Employment Security Commission of North Carolina.*

WELLS, Judge.

Claimant contends that the trial judge erred in concluding that claimant left her job voluntarily without good cause attributable to her employer, and was therefore ineligible for unemployment benefits under N.C. Gen. Stat. § 96-14(1) (1981).

Findings of fact made by the Employment Security Commission are binding on appeal where there is any competent evidence to support the findings. *In re Cantrell,* 44 N.C. App. 718, 263 S.E. 2d 1 (1980). Conclusions of law, however, may be fully reviewed on appeal.

An analysis of N.C. Gen. Stat. § 96-14(1) (1981) shows that an applicant will be disqualified from receiving unemployment benefits if two things are shown: (1) claimant left work voluntarily (2) without good cause attributable to the employer. If a claimant *either* left work involuntarily *or* with good cause attributable to the employer, then the claimant may collect benefits, provided of course, the other requirements of the Employment Security Act are met. Our courts have examined the meaning of the term "voluntary" job termination in several recent cases. *See, e.g., Milliken and Co. v. Griffin,* 65 N.C. App. 492, 309 S.E. 2d 733 (1983) (not voluntary termination where employee leaves job for health reasons); *Sellers v. National Spinning Co., Inc.,* 64 N.C. App. 567,

307 S.E. 2d 774 (1983); *In re Werner,* 44 N.C. App. 723, 263 S.E. 2d 4 (1980) (not voluntary termination where employer told employees they could resign or be fired); and *In re Scaringelli,* 39 N.C. App. 648, 251 S.E. 2d 728 (1979) (termination of research grant not a voluntary quit). These cases teach that an employee has not left his job voluntarily when events beyond the employee's control or the wishes of the employer cause the termination.

Our courts have also construed the meaning of the term "good cause attributable to the employer" for purposes of the Employment Security Act. *See, e.g., Tastee Freez Cafeteria v. Watson,* 64 N.C. App. 562, 307 S.E. 2d 800 (1983) and *In re Bolden,* 47 N.C. App. 468, 267 S.E. 2d 397 (1980) (good cause where employees left due to racial discrimination against them by employer); *In re Clark,* 47 N.C. App. 163, 266 S.E. 2d 854 (1980) (good cause where employee resigned rather than carry out unethical order of employer). It is clear from these cases that a good cause within the meaning of N.C. Gen. Stat. § 96-14(1) (1981) includes a reaction to requests or policies of the employer which would be considered valid by "reasonable minds." *Compare* "good cause" definition under N.C. Gen. Stat. § 96-14(2) (1981) (discharge for misconduct); *Intercraft Industries Corp. v. Morrison,* 305 N.C. 373, 289 S.E. 2d 357 (1982), and "good cause" under N.C. Gen. Stat. § 96-14(3) (1981) (disqualification for failure to seek or accept suitable work); *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968).

Turning now to an analysis of the case before us, we first consider whether claimant left her job voluntarily within the meaning of N.C. Gen. Stat. § 96-14(1) (1981). It is undisputed that claimant was told by her employer that she would be laid off beginning 19 March 1982, and that as of that date at least, claimant would be forced out of work due to an action by the employer. There is no indication that claimant was terminated for misconduct. The courts of a number of other states have held that an employee who leaves work before the effective date of an impending layoff or termination has not quit voluntarily and is not disqualified from receiving unemployment benefits. *See, e.g., Elizabeth V. Caldwell,* 160 Ga. App. 549, 287 S.E. 2d 590 (1981) (employee told on Monday she would be terminated as of Friday, left on Tuesday); *McCammon v. Yellowstone Co., Inc.,* 100 Idaho 926, 607 P. 2d 434 (1980) (notified of termination on 18 March, ef-

fective date 1 April, left 18 March); *Johnston v. Florida Depart-ment of Commerce*, 340 So. 2d 1229 (Fla. Dist. Ct. App. 1976) (employee left two weeks before firing, on same day as notified); *Department of Labor & Industry v. Unemployment Comp. Board of Review*, 133 Pa. Super. 518, 3 A. 2d 211 (1938) (job layoff effective 24 December, employee left on 20 December). *But see Ferguson v. Arizona Dept. of Economic Security*, 122 Ariz. 290, 594 P. 2d 544 (1979) (claimant told she would be terminated on 11 May, left on 6 May. Court held employee who leaves before effective date of termination must show she would suffer substantial detriment by staying, in order to collect); and *Berkowitz v. Levine*, 41 A.D. 2d 791, 341 N.Y.S. 2d 239 (1973) (employee left two weeks before effective date, no benefits awarded).

Appellees contend, however, that under our statute the crucial time for considering whether a claimant left his job voluntarily is the date of application for unemployment benefits, rather than the last day worked or the effective date of the termination. Appellees point to N.C. Gen. Stat. § 96-14(1) (1981) which disqualifies claimants who are ". . . *at the time such claim is filed*, unemployed because [they] . . . left work voluntarily without good cause attributable to the employer." Because claimant filed for benefits on 10 March 1982, nine days before the effective date of her layoff, appellees contend that she was voluntarily unemployed at the time of her application and was thus ineligible to receive any benefits. Appellees' argument rests upon an overly strict interpretation of the statute which we are unwilling to adopt.

While the statutory language does focus upon the time of the application for benefits, there is no provision preventing consideration of a claimant's application after the effective date of a termination. Appellees' interpretation is supported neither by common sense, nor the spirit of the Employment Security Act. The act was designed to provide protection against "economic insecurity due to unemployment," N.C. Gen. Stat. § 96-2 (1981), and should be liberally construed in favor of applicants. *In re Scaringelli, In re Watson, supra.*

Appellees cite *In re Cianfarra*, 56 N.C. App. 380, 289 S.E. 2d 100 (1982), *vacated*, 306 N.C. 737, 295 S.E. 2d 457 (1983) in support of their argument that claimant is ineligible to receive benefits. The dispositive issue addressed by our Supreme Court in *Cian-*

*farra* was defendant's misconduct. Because the opinion of this court in *Cianfarra* was vacated by our Supreme Court, it may not be relied upon in this case.

Applying the two-pronged test of N.C. Gen. Stat. § 96-14(1) (1981) to the case before us, we hold that while claimant was voluntarily unemployed without good cause attributable to the employer between 10 March 1982, the date of her application, and 19 March 1982, her lay-off date, nevertheless, upon her application disputed in this case, claimant may be considered for benefits accruing after 19 March 1982.

This cause is remanded to the Superior Court of Wake County for remand to the Employment Security Commission for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges WEBB and WHICHARD concur.