485 So.2d 1 (1985)
Terry SMALLS, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Butler Corporation, Appellees.
No. 85-641.
District Court of Appeal of Florida, Second District.
December 27, 1985.
Rehearing Denied January 28, 1985.
Francis A. Solorzano of Florida Rural Legal Services, Inc., Bartow, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Comn.
FRANK, Judge.
The appellant, Terry Smalls, has sought our review of an administrative order denying him unemployment compensation benefits. The essential facts disclose that after Smalls applied for unemployment compensation benefits he was referred to and accepted a two week period of employment in the construction industry. Well prior to the expiration of the two weeks, Smalls, who for religious reasons abhors obscene words, quit because of the language he was experiencing. Smalls did not seek corrective action by his employer and at his hearing before the appeals referee, he would not repeat the words he had heard. The referee was unable to determine whether such expressions would be considered abusive by a reasonable, able-bodied worker. Thus, his entitlement to subsequent benefits was denied pending reemployment and the receipt of earnings in the amount of $1,547.00. In attempting to overturn the penalty period, Smalls relies upon Johnston v. Florida Department of Commerce, 340 So.2d 1229 (Fla. 4th DCA 1976) and Knapp v. National Convenience Store, 404 So.2d 380 (Fla. 1st DCA 1981). Although the result we reach may appear harsh when considered against the backdrop of the foregoing decisions, we cannot within the present factual setting follow either authority in the face of section 443.101, Florida Statutes, which predicates the award of benefits upon voluntary separation from employment for "good cause." We are unable to extract good cause from the intensity of Smalls' religious conviction and we find no basis for disturbing the determinations reached by the Unemployment Appeals Commission. Finally, Johnston and Knapp are factually distinguishable from the matter at hand. In both cases the claimants were discharged from employment but in each instance the employee was accorded a brief period of continued employment beyond the moment of notice of termination. Johnston and Knapp, however, elected to sever their employment relationships prior to their respective termination dates. The First District in Knapp adopted the reasoning of the Fourth Disrict in Johnston: "If the employee is otherwise eligible for unemployment compensation benefits, his leaving work after he was given definite notice will not deprive him of those benefits during *2 the period of involuntary unemployment." Johnston at 1230. Benefits, of course, were denied Johnston and Knapp for the accelerated intervals of separation from employment which each had voluntarily created.
Here, however, notwithstanding that Smalls' employment was for a fixed duration, it was he who abbreviated that period for a reason found not to constitute good cause. See Uniweld Products, Inc. v. Industrial Relations Commission, Florida Department of Commerce, Tallahassee, 277 So.2d 827 (Fla. 4th DCA 1973).
Affirmed.
SCHEB, A.C.J., and LEHAN, J., concur.