JOHN W. SEABERRY v. W. T. BRIDGERS CONTRACT LABOR AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 878SC1176

(Filed 4 October 1988)

1. **Master and Servant § 108— unemployment compensation—employment to terminate on certain date—separation not due to lack of available work—N.C.G.S. § 96-14(1) inapplicable**

    In a proceeding to recover unemployment benefits, N.C.G.S. § 96-14(1) was inapplicable where the employer gave petitioner notice that his employment would end on a certain date in the future; petitioner quit before that date; and the employer failed to carry his burden of showing that the impending separation was for "lack of available work."

2. **Master and Servant § 108— unemployment compensation—employee's separation prior to date set by employer—separation voluntary and without good cause**

    Petitioner's separation from employment earlier than the future date specified by the employer was voluntary and without good cause where suitable employment remained available to the claimant for several days, and the nature of the employer's notice was not offensive.

**3. Master and Servant § 108— unemployment compensation—employment to terminate on certain date—separation from employment involuntary**

Petitioner was entitled to unemployment benefits for that period of time after the date on which employment was scheduled to terminate, since separation as of that time was beyond the control of claimant and was at the request of employer; the quit therefore was not voluntary; and the involuntary quit was with good cause, as employment was no longer available to claimant, and claimant did not indicate any unwillingness to work.

APPEAL by petitioner from *Fountain (George M.), Judge.* Judgment entered 16 March 1987 in Superior Court, WAYNE County. Heard in the Court of Appeals 7 April 1988.

*Eastern Carolina Legal Services, Inc., by Jack Holtzman, for petitioner-appellant.*

*Employment Security Commission of North Carolina, by T. S. Whitaker, Chief Counsel, and Jane H. Dittmann, Staff Attorney, for respondent-appellee.*

GREENE, Judge.

This is an appeal from a judgment of the Superior Court affirming an Employment Security Commission decision denying petitioner, John W. Seaberry, unemployment benefits.

Petitioner was employed as a laborer by W. T. Bridgers Contract Labor (hereinafter "Bridgers" or "employer") from approximately January 1985 until 9 July 1986. On the latter date, the employer told petitioner he no longer needed petitioner but that he could work the remainder of that week and the next week. Petitioner then on that same day left the employer's premises and did not return to work. Petitioner filed a claim for unemployment benefits on 13 July 1986. This claim was denied by an Employment Security Commission adjudicator and claimant appealed to an appeals referee. After conducting an evidentiary hearing, the referee also denied petitioner's claim, and was affirmed by the Employment Security Commission. A Superior Court affirmed the decision of the Employment Security Commission on 16 March 1987. Petitioner appeals from this judgment.

---

This appeal presents the issue of whether petitioner is disqualified from receiving unemployment benefits because he volun-

tarily quit his employment without good cause attributable to his employer.

At the hearing on petitioner's claim, the appeals referee made the following pertinent findings of fact, which were adopted by the Employment Security Commission:

> 3. Claimant was employed as a laborer. The claimant worked for the employer for approximately eighteen months. The claimant's job duties included cleaning up job sites, hauling trash, digging ditches and carpentry.

> 4. On July 9, 1986, the employer told the claimant that he no longer needed the claimant. The employer also informed the claimant that claimant could work the remainder of the week and the next week. Work was available for the claimant until on or about July 18, 1986.

>     . . . .

> 6. The employer chose to discharge the claimant effective July 18, 1986 because the employer believed that claimant's weight limited claimant's ability to perform construction work. The claimant weighs approximately two hundred eighty five pounds. The claimant was unable to perform construction duties such as working while standing on ladders and working under houses because of his weight.

> 7. The claimant alleges that he was discharged from employment. The employer alleges that the claimant voluntarily left the job. It is found as a fact that the claimant voluntarily left the job.

> 8. On several prior occasions, the employer informed the claimant that claimant's weight restricted his ability to perform certain types of construction work.

> 9. When claimant left the job, continuing work was available for claimant there.

From these findings of fact the referee concluded "the record evidence and facts found therefrom do not support a conclusion that the claimant has met the burden of showing good cause attributable to the employer for the voluntary leaving." The referee went on to find that petitioner was disqualified for benefits.

Under N.C.G.S. Sec. 96-14(1) (1985), an employee is ineligible for unemployment benefits if he is "unemployed because he left work voluntarily without good cause attributable to the employer." This statute requires disqualification if (1) claimant left work voluntarily *and* (2) without good cause attributable to the employer. *Eason v. Gould, Inc.*, 66 N.C. App. 260, 261, 311 S.E. 2d 372, 373 (1984), *aff'd per curiam without precedential value*, 312 N.C. 618, 324 S.E. 2d 223 (1985). An employee has not left voluntarily "when events beyond the employee's control or the wishes of the employer cause the termination." *Id.* at 262, 311 S.E. 2d at 373. "Good cause" is defined as that which "would be deemed by reasonable men and women valid and not indicative of an unwillingness to work." *In re Watson*, 273 N.C. 629, 635, 161 S.E. 2d 1, 7 (1968). Cause "attributable to the employer" is a cause which is "produced, caused, created or as a result of actions by the employer." *In re Vinson*, 42 N.C. App. 28, 31, 255 S.E. 2d 644, 646 (1979). The burden is on the employer to demonstrate that a claimant is disqualified under this two-prong test. *See Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 377, 289 S.E. 2d 357, 360 (1982); *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 445, 349 S.E. 2d 842, 845 (1986).

[1] Our Supreme Court has held that when an employee leaves his employment after notification of an impending separation and before the scheduled date of the separation, the claimant's entitlement to unemployment benefits must be determined in two parts: (1) that period of time before the scheduled separation and (2) that period of time after the scheduled separation. *See In re Poteat v. Employment Security Comm.*, 319 N.C. 201, 206, 353 S.E. 2d 219, 222 (1987). In both instances, the question presented is whether the claimant quit voluntarily and without good cause. However, N.C.G.S. Sec. 96-14(1) as amended effective 1 July 1985 *may* preclude the necessity of applying this two-part test to determine entitlement to unemployment benefits. That statute provides in pertinent part:

> Where an employer notifies an employee that such employee will be separated on some definite future date for lack of available work, the *impending separation does not constitute good cause for quitting that employment,* provided that if the individual quits because of the impending separation and shows to the satisfaction of the Commission that it was im-

practicable or unduly burdensome for the individual to work until the announced separation date, the period of disqualification imposed under this subsection (1) shall be reduced to the greater of four weeks or the period running from the beginning of the week during which application for benefits was made until the end of the week of the announced separation date.

N.C.G.S. Sec. 96-14(1) (1985) (emphasis added).

If the statute applies, the claimant would be disqualified from unemployment benefits, not only for the period of time prior to the scheduled separation, but also for that period of time after the date of the scheduled separation, *unless* the claimant proves "it was impracticable or unduly burdensome for the individual to work until the announced separation date." If the claimant proves this to "the satisfaction of the Commission," the claimant is entitled to full benefits, with only a limited period of disqualification as provided in the closing provisions of N.C.G.S. Sec. 96-14(1).

This portion of the statute applies if the employer proves that the claimant, after notification by the employer of impending separation "on some definite future date," voluntarily left his employment before the date of his scheduled separation and the cause of the separation is "for lack of available work."

Here, there is no evidence that the impending separation was for "lack of available work" and therefore the employer has failed in his burden. The evidence offered supports the referee's finding of fact that the claimant's employment duties included "cleaning up job sites, hauling trash, digging ditches and carpentry." While there is some evidence in the record that claimant's weight interfered with some of his employment duties, the employer offered no evidence that the weight of the claimant interfered with all of the claimant's duties to the extent that there was "no available work" for claimant. Accordingly, that portion of N.C.G.S. Sec. 96-14(1) establishing *per se* the issue of "good cause" is not applicable.

Therefore, pursuant to *Poteat*, we must determine claimant's entitlement to benefits for that period of time before the scheduled separation and that period of time after the scheduled separation.

A

[2]   We first determine if the claimant is disqualified for benefits for that period of time prior to the scheduled separation.

As to the question of voluntariness, when the claimant leaves his employment, after notice of impending separation, knowing that suitable work remains available for him with the same employer and if the notice of the impending separation is not offensive so "as to embarrass or humiliate the claimant," the early quit by the claimant is voluntary. *Poteat*, 319 N.C. at 204-05, 353 S.E. 2d at 221.

Here there is no evidence that the notice was offensive so "as to embarrass or humiliate the claimant." The finding of fact by the Commission, to which there was no exception, was that "the employer told the claimant that he no longer needed the claimant." *Compare Bunn v. N.C. State University*, 70 N.C. App. 699, 701, 321 S.E. 2d 32, 34 (1984), *disc. rev. denied*, 313 N.C. 173, 326 S.E. 2d 31 (1985) (claimant's quit was not voluntary where employer told claimant that she was to be discharged because her on-the-job test results were "pitiful," that she worked slowly, and that her spelling was poor) *with Poteat*, 319 N.C. at 204, 353 S.E. 2d at 221 (claimant's quit was voluntary where employer told claimant he was to be discharged because of "missing work and not being dependable for regular work"). Furthermore, the claimant quit of his own volition and suitable work was available for seven more days. Accordingly, the quit by this claimant prior to the date of the scheduled separation was voluntary.

As the amended statute does not determine *per se* the issue of "good cause," the "good cause" issue must be resolved by reference to prior opinions of our courts. *See, e.g., Poteat*, 319 N.C. at 205, 353 S.E. 2d at 222; *Eason*, 66 N.C. App. at 262, 311 S.E. 2d at 373-74; *Bunn*, 70 N.C. App. at 702, 321 S.E. 2d at 34. Considering the facts of this case in light of these opinions, the voluntary quit of this claimant was "without good cause," during the first period, as suitable employment remained available to the claimant for several days and the nature of the notice was not offensive.

B

[3]   We next address the question of entitlement to benefits for that period of time after the date on which the employment was

Allstate Ins. Co. v. McCrae

scheduled to terminate. As to that period, the separation was beyond the control of the claimant and was at the request of the employer. Therefore, this quit was not voluntary. Furthermore, the involuntary quit was with good cause, as employment was no longer available to the claimant and the claimant did not indicate any unwillingness to work. The lack of employment was solely caused by the actions of the employer.

### C

Therefore, the order of the Superior Court affirming the decision of the Employment Security Commission denying claimant unemployment benefits is modified. For the period during which the claimant could have continued to work for the employer, the decision denying benefits is affirmed and to the extent that benefits were denied after the date on which the employment was scheduled to terminate, the decision is vacated. As the record indicates, there may be alternate bases upon which a judgment favorable to the employer may be supported (i.e., "misconduct" under N.C.G.S. Sec. 96-14(2) or "substantial fault" under N.C.G.S. Sec. 96-14(2A) ). Therefore, the matter must be remanded. We find no merit to the remaining assignments of error raised by the appellant.

The cause is remanded to the Superior Court for remand to the Employment Security Commission for proceedings consistent with this opinion.

Affirmed in part, vacated in part and remanded.

Judges BECTON and JOHNSON concur.