MONACO, J.
The appellant, Nancy Ciummo, appeals the determination of the Unemployment Appeals Commission (“UAC”), that she was not entitled to unemployment benefits because she voluntarily left her employment. Because it was not considered below, we reverse and remand for further proceedings with respect to Ms. Ciummo’s claim that she was constructively discharged.
Briefly, Ms. Ciummo was the City Manager of the City of Flagler Beach. She was advised in September of 2004, that her contract that was expiring on April 1, 2005, would not be renewed by the City. On October 11, 2004, Ms. Ciummo submitted her resignation effective as of December 10, 2004. Meanwhile, the City hired an interim city manager. The City relieved her of her duties on November 21st because it wanted the interim manager to begin working immediately. Ms. Ciummo was, however, fully paid for the period between November 21st and December 10th. Shortly thereafter, Ms. Ciummo applied for unemployment benefits.
The appeals referee found that the City discharged Ms. Ciummo when it told her that her contract would not be renewed. The referee determined, therefore, that Ms. Ciummo was entitled to benefits. Significantly, there was no finding that Ms. Ciummo had good cause to resign prior to the end of her contract. The UAC agreed with the findings of the referee to the effect that Ms. Ciummo was terminated without good cause, and would ordinarily be eligible for benefits. It concluded, however, that Ms. Ciummo voluntarily quit her employment by resigning early, and accordingly was ineligible for *994 benefits after December 10, 2004, the effective date of her resignation.
The determination of the UAC is supported by the case of Johnston v. Florida Dep’t of Commerce, 340 So.2d 1229 (Fla. 4th DCA 1976). There, our sister court held that if an employer gives notice to an employee that his or her employment will be terminated as of a certain date, the employee does not voluntarily, quit that position without good cause attributable to the employer if he or she chooses to not work up until that date of termination, but the employee may not be eligible for benefits until the date specified by the employer as the termination date. The facts of Johnston indicate that although the employee was told that her employment would be terminated in two weeks, she chose to leave at the end of that same day because she was upset over being fired, and did not want to continue in the unpleasant atmosphere. Her request for unemployment compensation benefits was initially denied based upon the finding that she voluntarily left her job before the effective date of her termination notice.
The Fourth District concluded that although the employer had effectively fired the employee, the employee did become voluntarily unemployed and ineligible for benefits during the notice period that he or she chose not to work. Because the employee did not become involuntarily unemployed until the date of termination designated by the employer, however, eligibility for benefits would begin at that time. See also Knapp v. Nat’l Convenience Store, 404 So.2d 380 (Fla. 1st DCA 1981).
When we apply the teachings of Johnston to the present case, we conclude that although Ms. Ciummo may not have been eligible for benefits between December 10, 2004, and April 1, 2005, she would have been eligible for benefits after April 1, 2005, provided she was otherwise qualified. Our inquiry, however, is not at an end.
Ms. Ciummo argues that she had good cause to resign from her position early because she was constructively discharged by the City. This argument is rooted in our decision in Morris v. Unemployment Appeals Comm’n, 866 So.2d 1269, 1270 (Fla. 5th DCA 2004). There we remanded the case to the UAC to enable the employee to attempt to establish his alternative argument that he had good cause to voluntarily terminate his employment due to a disability. Because the appeals referee found that the appellant had been discharged, he never addressed the alternative argument of constructive discharge. Although this court agreed with the UAC in its decision to reverse the finding of the referee that the employee had been discharged, we remanded with instructions for the referee to make a determination respecting the employee’s alternative theory of relief — that he had “good cause” for quitting his employment due to physical disability.
In the present case it is clear from the record that Ms. Ciummo’s alternate theory of constructive discharge was not addressed by either the referee or the UAC, primarily because the referee found that Ms. Ciummo was entitled to relief on her first theory. We, therefore, remand this case to the UAC and the referee with instructions to determine whether Ms. Ci-ummo was constructively discharged.
REVERSED AND REMANDED.
TORPY and LAWSON, JJ., concur.