CONNIE McGAHA v. NANCY'S STYLING SALON AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8730SC1065

(Filed 17 May 1988)

1. **Master and Servant § 110— unemployment compensation—sufficiency of evidence to support Commission's findings**

Evidence was sufficient to support findings by the Employment Security Commission that claimant had worked as a hairdresser for the employer only during the resort season and had quit during the winter months; that the employer never laid claimant off but told her she could stay on and attempt to establish a winter clientele; and when claimant left her job, there was still work for her to do, though at a greatly reduced volume.

2. **Master and Servant § 108— unemployment compensation—employee leaving work voluntarily and without good cause attributable to employer**

The Employment Security Commission did not err in ruling that claimant left work voluntarily without good cause attributable to her employer where the employer never fired claimant or asked her to leave, and claimant's position, under the same terms and conditions she had worked under for three seasons, was still available to her when she left.

APPEAL by claimant from *Downs, Judge.* Judgment entered 12 August 1987 in Superior Court, MACON County. Heard in the Court of Appeals 30 March 1988.

From 1 May 1986 until 11 November 1986 Connie McGaha (claimant) worked as a hairdresser for Nancy's Styling Salon (Nancy's) owned by Nancy Edwards in Highlands. Claimant lived in Franklin but had worked at Nancy's during the resort season each year for three years. At all times claimant was paid strictly on a commission basis. Because Highlands is a resort area, the

business volume at Nancy's falls off during the winter months. Even so, there was some work available during the winter months. The two previous years claimant quit her work at Nancy's at the end of October and looked elsewhere for work.

Upon beginning her third season of work at Nancy's claimant had advised Ms. Edwards that her personal situation had changed so that she needed to be able to work year round. Edwards made no guarantee of year round work. She advised claimant that the business in Highlands was seasonal and that claimant would have to work at building a winter clientele. At the beginning of November 1986 the volume of business at Nancy's began to decline. About this time Edwards stopped listing claimant in her appointment book for taking customers. This was the time of year when, in previous years, claimant had quit. However, claimant informed Edwards that she already had appointments scheduled during the next week or so and wrote her name back in the appointment book. On 11 November 1986 claimant told Edwards that she could not continue to make the drive from Franklin to Highlands because her compensation had dropped so severely that her earnings did not meet her expenses. Edwards told claimant that the only way her off-season commissions would increase was for her to build a winter clientele by being available during the winter months. Claimant left and never returned to work.

Soon thereafter claimant filed an application with the Employment Security Commission (ESC) for unemployment benefits; it was denied. Claimant appealed; the appeals referee denied her claim finding that claimant had voluntarily quit her job without good cause attributable to the employer. Claimant appealed to the ESC which affirmed the referee's decision and adopted it as their own. Claimant appealed the ESC decision to the superior court which affirmed the Commission's decision. Claimant appeals.

*Western North Carolina Legal Services, Inc., by James H. Holloway and Lawrence Nestler for claimant-appellant.*

*No brief filed for Nancy's Styling Salon, appellee.*

*Chief Counsel T. S. Whitaker and Deputy Chief Counsel V. Henry Gransee, Jr., for the Employment Security Commission of North Carolina, appellee.*

McGaha v. Nancy's Styling Salon

EAGLES, Judge.

Claimant presents three issues for review. First, she argues that the trial court used an incorrect standard of review in considering her appeal from the ESC. Second, she contends that the evidence presented does not support the findings of fact. Third, claimant contends that the trial court erred in affirming the ESC decision denying her application for unemployment benefits. We disagree and affirm the trial court's decision.

I

Claimant argues that the trial court used an incorrect standard in reviewing the ESC decision. Claimant contends that the trial court should have used the "whole record" standard of review rather than the "any competent evidence" standard of review. We need not decide this issue because the facts presented here support the ESC decision using either standard of review. *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 349 S.E. 2d 842 (1986).

II

[1] Claimant next argues that under any standard of review three of the Commission's findings of fact were not supported by the evidence. Based on our careful review of the record, we hold that there was competent evidence to support the disputed findings of fact under either standard of review.

Claimant excepted to findings of fact number 4, 9 and 11 set out below:

4. The claimant began working for the employer as a hairdresser in 1984. The claimant normally worked from the first of May through the end of October. The claimant normally chose to quit her job at the end of October because her clients began to decrease dramatically at the end of the resort season. The claimant worked as previously described in 1984 and 1985.

9. The employer did not terminate or lay the claimant off due to lack of work. The employer told the claimant that she could continue working during the winter months in order to establish a year round clientele for herself. The claimant chose to quit her job rather than consider this option.

11. When claimant left the job, continuing work was available for claimant there.

Claimant's own testimony provides evidence for finding of fact number 4. She testified that she had worked at Nancy's since 1984. In each of the two previous years she began her season in May and left Nancy's in late October. Each time her leaving coincided with the end of the resort season. There is substantial evidence to support finding of fact number 4.

Ms. Edwards testified that she did not fire claimant from her position. Claimant admits that Ms. Edwards never guaranteed her work but bases her argument that she was fired on the fact that Ms. Edwards took claimant's name off the appointment book. After noticing her name not in the book, claimant wrote her name back into the book. Ms. Edwards took no action preventing claimant from continuing to work at Nancy's. Furthermore, claimant did not contradict Ms. Edwards' testimony that claimant had been told that she could stay on at the salon and attempt to establish a winter clientele. Both women's testimony showed that on 11 November 1986 claimant told Ms. Edwards that she could no longer afford to work at Nancy's. This evidence supports finding of fact number 9 that claimant was not terminated, but quit.

Ms. Edwards further testified that when new customers called Nancy's they would be put on claimant's schedule. Though the business slowed significantly during the winter, Ms. Edwards indicated that claimant could try to build a customer base for the winter. Accordingly, we find that there is substantial evidence to support finding of fact number 11.

### III

[2] Claimant next contends that the appeals referee and ESC erred as a matter of law when they ruled that she left work voluntarily without good cause attributable to the employer. Claimant argues that Ms. Edwards compelled her to leave Nancy's so that her leaving was involuntary and that the diminishing commissions she received for her work constituted good cause attributable to her employer. We disagree.

Our Supreme Court has ruled that for an applicant to be disqualified from unemployment compensation benefits pursuant to G.S. 96-14(1) she must have voluntarily left her position *and* her

leaving must be without good cause attributable to her employer. *In re Poteat v. Employment Security Comm.*, 319 N.C. 201, 353 S.E. 2d 219 (1987). The disqualification statutes are to be strictly construed in favor of the claimant, *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968), with the employer having the burden of proving that the claimant is disqualified. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E. 2d 357 (1982).

In determining whether the claimant left her position voluntarily we must review the "external factors motivating the employee's quit." *Poteat* at 205, 353 S.E. 2d at 222. Here Ms. Edwards never fired claimant nor did she ask claimant to leave. Ms. Edwards' uncontradicted testimony was that claimant could have remained at Nancy's and tried to build a winter clientele. Because claimant worked solely on a commission basis, she was particularly dependent upon Nancy's volume of customers. These conditions, however, were the same that she had worked under during her previous seasons at Nancy's. Claimant decided that she could not afford to make the daily drive to Highlands from Franklin with no guarantee of compensation. No evidence of compulsion or coercion on the part of Ms. Edwards appearing, we hold that claimant voluntarily quit her job.

The employer must also show that a claimant has left work without good cause attributable to the employer. "Good cause" means "a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work," *Intercraft Industries* at 376, 289 S.E. 2d at 359, while "attributable to the employer" means "produced, caused, created or as a result of actions by the employer." *In re Vinson*, 42 N.C. App. 28, 31, 255 S.E. 2d 644, 646 (1979).

The facts here demonstrate that Ms. Edwards took no actions or caused any actions which precipitated claimant's leaving her job. Uncontradicted testimony showed that claimant's position, under the same terms and conditions she had worked under for three seasons, was still available to her when she left. Accordingly, claimant's quit was not attributable to her employer. Having determined that claimant's quit was voluntary and not attributable to her employer, we hold that the trial court's ruling affirming the ESC decision was correct.

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.