IN THE MATTER OF: DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, PETITIONER v. WALTER J. FEATHERSTON, SR., AND NORTH CAROLINA EMPLOYMENT SECURITY COMMISSION, RESPONDENTS

No. 8910SC93

(Filed 17 October 1989)

Master and Servant § 108.1 (NCI3d) — state trooper's association with felons — no substantial misconduct — right to unemployment compensation

The trial court properly upheld the Employment Security Commission's ruling that claimant, a former state trooper, was not disqualified from receiving unemployment benefits where claimant negotiated the sale of an automobile and car rack to a person whom he knew to be a convicted drug dealer; claimant was counseled regarding this transaction and his associations with other known felons and he thereafter ceased all associations which may have been questioned under the departmental rule; claimant was subsequently discharged; and claimant's conduct did not rise to the level of substantial fault under N.C.G.S. § 96-14(2A) absent his repetition of the violation after a warning.

Am Jur 2d, Unemployment Compensation § 38.

APPEAL by petitioner from *Allen, J. B., Jr., Judge.* Judgment entered 24 October 1988 in WAKE County Superior Court. Heard in the Court of Appeals 12 September 1989.

Walter J. Featherston, Sr., claimant, who was discharged from his employment as a state trooper, filed for unemployment benefits beginning on 13 December 1987. The claims adjuster ruled that claimant was discharged for misconduct connected with his employment and disqualified him from receiving benefits. Claimant appealed to the referee who determined that claimant was not discharged for work-related misconduct and therefore was qualified for unemployment benefits. The Department of Crime Control and

**IN RE DEPT. OF CRIME CONTROL AND PUBLIC SAFETY v. FEATHERSTON**

[96 N.C. App. 102 (1989)]

Public Safety (Employer) appealed to the Employment Security Commission which affirmed the decision of the referee. Employer then appealed to the Wake County Superior Court.

In the proceeding held during its 24 October 1988 civil session, the court adopted the findings of the Commission. These findings were that employer had a departmental rule, in force at the time of claimant's employment, which stated:

> Members [of the Highway Patrol] shall avoid regular or continuous associations or dealings with persons who [sic] they know, or should know, are racketeers, sexual offenders, gamblers, suspected felons, persons under criminal investigation or indictment, or who have a reputation in the community for present involvement in felonious or criminal behavior, except as necessary to the performance of official duties.

In October 1986, claimant negotiated the sale of an automobile and car rack to a person whom he knew to be a convicted drug dealer. Claimant was counseled in November 1986 regarding this transaction and his associations with other known felons, and he thereafter ceased all associations which may have been questioned under the departmental rule. On 26 February 1987, claimant was questioned by his superiors regarding his former associations. No further action was taken by employer until claimant's discharge on 23 September 1987.

After examining the record and reviewing the evidence therein, the court found the facts to be supported by competent evidence and concluded that the law had been correctly applied. From the judgment affirming the decision of the Commission, employer appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for petitioner-appellant.*

*Hensley, Huggard, Seigle, Obiol, and Bousman, by John A. Obiol, for respondent-appellee Featherston.*

*C. Coleman Billingsley, Jr. for respondent-appellee Employment Security Commission.*

WELLS, Judge.

An appeal from a decision of the Employment Security Commission raises but two questions for review: (1) whether the evidence before the Commission supports its findings of fact and (2) whether

the facts found sustain the Commission's conclusions of law. *Intercraft Industries v. Morrison*, 305 N.C. 373, 289 S.E.2d 357 (1982). Employer lodged no exception to the Commission's findings of fact, therefore, those findings are presumed supported and are binding on appeal. N.C. Gen. Stat. § 96-15(i) (1988); *Hagen v. Peden Steel and Employment Sec. Comm.*, 57 N.C. App. 363, 291 S.E.2d 308 (1982). Consequently, the only issue before us is whether the Commission's findings of fact support its conclusion of law that claimant was not discharged for misconduct or substantial fault connected with his employment.

A claimant will be disqualified from receiving unemployment benefits if he is discharged from employment "for misconduct connected with his work." N.C. Gen. Stat. § 96-14(2). Misconduct under this standard is defined as

> conduct evincing such willful or wanton disregard of an employer's interest as is found in *deliberate* violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an *intentional* and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*Id.* (Emphasis added.) A claimant may also be disqualified from receiving benefits if discharged from employment "for substantial fault on his part connected with his work not rising to the level of misconduct." *Id.* § 96-14(2A). Under this lower standard, substantial fault includes

> those acts or omissions of employees over which they exercised reasonable control and which violate reasonable requirements of the job *but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received by the employee*[.]

*Id.* (Emphasis added.) These statutes are to be strictly construed in favor of the claimant, and the employer has the burden of proving that the claimant is disqualified. *Barnes v. The Singer Co.*, 324 N.C. 213, 376 S.E.2d 756 (1989).

Measuring the Commission's findings against these standards, we conclude that the superior court properly upheld the Commission's ruling that claimant was not disqualified from receiving un-

employment benefits. Although claimant's associations arguably placed him in violation of the departmental rule prohibiting dealings with criminals, such conduct would not rise to the level of substantial fault under G.S. § 96-14(2A) absent claimant's repetition of the violation *after* a warning. No such repetition occurred here. Upon being counseled regarding the departmental rule, claimant ceased all of his objectionable associations. Because we determine that claimant's conduct is not within the more liberal standard of a substantial fault analysis under G.S. § 96-14(2A), we need not reach the question of whether his conduct falls within the stricter standard of misconduct under G.S. § 96-14(2).

Affirmed.

Judges PHILLIPS and PARKER concur.