**John K. O'BRIEN, Appellee,**

v.

**EMPLOYMENT APPEAL BOARD
and Dave Ballstaedt Ford,
Inc., Appellants.**

No. 91–1054.

Supreme Court of Iowa.

Jan. 20, 1993.

William C. Whitten and Joe E. Smith, Employment Appeal Bd., Des Moines, and Amanda Potterfield of Joe Johnston Law Firm, P.C., Cedar Rapids, for appellants.

Matthew Glasson of Glasson, Grove, Sole & McManus, Cedar Rapids, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

John O'Brien was hired as an assistant service manager at Dave Ballstaedt Ford, Incorporated. He was eventually promoted to service manager. On June 7, 1989, O'Brien quit his job following an argument with his employer, Dave Ballstaedt. He then applied for unemployment benefits. O'Brien admitted he voluntarily quit, but claimed he did so with good cause. He claimed Ballstaedt Ford subjected him to detrimental working conditions and required him to engage in illegal and unethical activities. His claim for benefits was denied.

After exhausting his administrative remedies, O'Brien petitioned for judicial review. The district court reversed and remanded the case for the purpose of taking further evidence of the alleged illegal or unethical activities at Ballstaedt Ford. At the hearing, O'Brien presented evidence by affidavit that during his employment at Ballstaedt Ford he observed:

> fraud, internal thefts, employment practices, EPA violations, unsafe working conditions, fraud in the sale of new vehicles, contract violations in employment, discrepancies in reporting sales of service department repair work, mis-use of dealership plates, use of employees for personal work on company payroll, improper reporting of income, fraud to Ford Motor Company, (5/50 emission claims, power train claims, not reporting in-service dates of new vehicles, bogus warranty claims, etc.), violations of the Clean Water Act ... solvents[,] ... gas,

oil, chemicals, and thinners being washed down the drain regularly[,] ... leaking barrels of herbicide, oil, anti-freeze, and solvents[,] ... [f]loor drains pumped into creek[,] ... [s]ludge and sediment ... piled in the creek bed[,] ... [and] altered mileages on demo cars.

O'Brien also stated he had complained to his employer about some of the activities, contacted various federal and state agencies before and after he quit, and cooperated with the agencies by providing them with evidence. Affidavits of other employees corroborated some of O'Brien's claims. The Employment Appeal Board (EAB), however, again denied O'Brien's claim, finding no merit in his allegations.

O'Brien again petitioned for judicial review. The district court again reversed the EAB's denial of benefits and remanded the case to the EAB with directions to make findings of fact using the proper legal standard. The EAB and Ballstaedt Ford appealed this decision.

We transferred the case to the court of appeals. In a 2–1 decision, the court of appeals determined that neither the findings of the Administrative Law Judge (ALJ) adopted by the EAB nor the legal standards applied were erroneous. We granted O'Brien's petition for further review.

■ The sole issue is whether the EAB applied the proper legal standard in determining if O'Brien had good cause to quit his job at Ballstaedt Ford. Our review of the district court's decision, determining the validity of the EAB action, is on error. Iowa Code § 17A.20 (1989). We must decide if the district court, in its appellate capacity to correct errors of law on the part of the agency, has correctly applied the law. *Freeland v. Employment Appeal Bd.*, 492 N.W.2d 193, 196 (Iowa 1992); *Aluminum Co. of Am. v. Employment Appeal Bd.*, 449 N.W.2d 391, 394 (Iowa 1989).

■ Under Iowa law, an individual who has left work voluntarily without good cause attributable to the employer is disqualified for unemployment compensation

benefits. Iowa Code § 96.5(1). O'Brien alleges unlawful, intolerable, and detrimental working conditions constituted "good cause" for his quitting work. *See* 345 Iowa Admin.Code 4.26(3) and (4). Ordinarily, "good cause" is derived from the facts of each case keeping in mind the public policy stated in Iowa Code section 96.2. *Wiese v. Iowa Dep't of Job Serv.*, 389 N.W.2d 676, 680 (Iowa 1986).

In *Aalbers v. Iowa Department of Job Service*, 431 N.W.2d 330 (Iowa 1988), when faced with a claimant's "good-faith" defense, we adopted an objective reasonable belief standard. *Id.* at 335–36. While we recognized that the employee's subjective understanding and intent were relevant on the issue of misconduct, we found they were not controlling. We concluded the "key question is what a reasonable person would have believed under the circumstances." *Id.* at 336; *see Hill v. Department of Employment Servs.*, 442 N.W.2d 128, 133 (Iowa 1989); *cf.* 82 Am.Jur.2d *Wrongful Discharge* § 60 (1992) (the reasonableness of the whistleblower's belief that illegal activity is occurring is measured by a "good faith" standard).

■ This same standard should be applied in determining whether a claimant left work voluntarily with good cause attributable to the employer. *See In re Clark*, 47 N.C.App. 163, 266 S.E.2d 854 (1980). Under the reasonable belief standard, it is not necessary to prove the employer violated the law, only that it was reasonable for the employee to believe so. The parties do not contest the application of the reasonable belief standard.

■ With the appropriate legal standard identified, we next examine what standard was actually employed by the EAB. O'Brien alleged he was asked to engage in illegal activities, such as altering mileage on cars, falsifying records and warranties, and improperly allocating personal expenses as business expenses. The EAB, by incorporating the findings and conclusions of the ALJ, suggested there were numerous complaints by O'Brien of wrongdoing by his employer. The EAB concluded, "[t]he record abounds with numerous complaints by the claimant of wrongdoing by the employer, which various governmental agencies have found to be without merit."

The district court concluded the EAB did not make findings of fact using a reasonable belief standard. We agree. The EAB's decision clearly rests upon the conclusion that O'Brien had not proven Ballstaedt Ford violated the law. This is not the proper inquiry. As we stated previously, the proper inquiry is whether a person of reasonable prudence would believe, under the circumstances faced by O'Brien, that improper or illegal activities were occurring at Ballstaedt Ford that necessitated his quitting.

The district court was correct in finding the EAB did not use the appropriate legal standard. Accordingly, we vacate the decision of the court of appeals. We affirm the district court's reversal of the EAB decision and remand to the EAB with directions to make findings of fact using the proper legal standard.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.