A94A1862. ATLANTA AIRMOTIVE, INC. v. ROYAL et al.
(449 SE2d 315)

ANDREWS, Judge.

Atlanta Airmotive, Inc. (Airmotive) brought this action against the Newnan-Coweta County Airport Authority (the Authority) and the five members (including Royal) who compose the Authority. The five members of the Authority were named defendants in their capacities as representatives of the Authority and also as individuals against whom Airmotive sought to impose personal liability. Airmotive appeals from the trial court's order granting summary judgment in favor of the five individual Authority members on Airmotive's claim for personal liability.

The Authority leased a portion of the airport to Airmotive pursuant to a written lease agreement. Based on claims that Airmotive violated the terms of the lease, the Authority invoked a term in the lease allowing it to terminate the lease. Airmotive brought the present action claiming the Authority was not entitled to terminate the lease and claiming that the five individual Authority members were personally liable for tort damages caused by their actions which constituted a wilful, wanton and malicious interference with Airmotive's business.

The five individual Authority members moved for summary judgment on the basis that they were entitled to official immunity from personal liability because all of their actions in relation to the lease were discretionary as opposed to ministerial actions; were within the scope of their official functions as members of the Authority, and none of their actions were taken with actual malice or with actual intent to damage Airmotive. Georgia Const. of 1983, Art. I, Sec. II, Par. IX (d); cf. *Cooper v. Swofford,* 258 Ga. 143 (368 SE2d 518) (1988); *Hennessy v. Webb,* 245 Ga. 329 (264 SE2d 878) (1980); *Guthrie v. Irons,* 211 Ga. App. 502, 503 (439 SE2d 732) (1993). "Official immunity is a form of governmental immunity accorded public offi-

cials while acting in discretionary matters as agents for the state [or one of its political subdivisions], and, as such, is an extension of the state's sovereign immunity to the individual agents of the state through whom the state acts." *Guthrie*, supra at 503. Although the Authority has raised the defense of sovereign immunity, this issue has not yet been addressed in the trial court and is not an issue presented in this appeal. Since the issue of the Authority's immunity has not been addressed, we do not determine whether the individual Authority members have official immunity as an extension of the Authority's sovereign immunity.

Nevertheless, we find the trial court correctly granted summary judgment in favor of the individual Authority members because they were immune from suit under the provisions of OCGA § 51-1-20. Under the plain language of OCGA § 51-1-20 and the Legislature's designation of the Authority as "a political subdivision of the State of Georgia" pursuant to Ga. L. 1965, p. 2042, the individual Authority members were entitled to the immunity provided by the statute. Section 51-1-20 provides a supplemental form of immunity from civil liability to "person[s] serving with or without compensation as a member . . . of any local governmental agency, board, authority, or entity . . . for any act or any omission to act arising out of such service if such person was acting in good faith within the scope of his or her official actions and duties and unless the damage or injury was caused by the willful or wanton misconduct of such person." OCGA § 51-1-20. Furthermore, unlike official immunity, the immunity provided under OCGA § 51-1-20 applies regardless of whether the nature of the person's actions at issue were ministerial or discretionary. *Dyches v. McCorkle*, 212 Ga. App. 209, 215 (441 SE2d 518) (1994). Accordingly, the individual Authority members were entitled to immunity from personal liability in this case if their complained of actions were taken in good faith within the scope of their official duties with the Authority and the complained of damage was not caused by any wilful or wanton misconduct on the part of the Authority members.

In opposition to summary judgment, Airmotive produced an affidavit from one of its representatives stating that the Authority's discussion of matters relating to and decision on termination of the lease was made in sessions closed to the public in violation of Georgia's Open Meetings Act (OCGA § 50-14-1 et seq.). Airmotive argues that any actions taken by Authority members in violation of the Open Meetings Act were necessarily outside the scope of their official duties and, therefore, no immunity applies. We need not determine whether or not the Authority took any action in violation of the Open Meetings Act. Although an official action taken at a meeting not open to the public in violation of the Open Meetings Act may be invalidated if a timely action contesting the violation is made under OCGA § 50-

14-1 (b),[1] it does not follow that any actions taken by Authority members which may have violated the Open Meetings Act lost their character as actions taken within the scope of the members' official duties for purposes of the immunity provided by OCGA § 51-1-20.

Airmotive also contends that an issue of fact remains as to general allegations in its complaint that Authority members wilfully or maliciously interfered with its business operations. Airmotive produced evidence that no Authority member took any action with respect to Airmotive's business that was not done within the scope of their official duties in relation to the termination of the lease and there is no evidence tending to show otherwise. There is no evidence sufficient to create a jury question as to allegations that Authority members acted wantonly, wilfully or maliciously to damage Airmotive. See *Dyches*, supra at 217. In the absence of evidence sufficient to create a factual issue, the trial court correctly concluded that the five individual Authority members were not personally liable for the damages sought and properly granted summary judgment in their favor on this claim. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991).

*Judgment affirmed. Johnson, J., concurs. Beasley, P. J., concurs in the judgment only.*

DECIDED OCTOBER 4, 1994.

*Fanning & Hudson, Steven E. Fanning,* for appellant.
*Glover & Davis, A. Mitchell Powell, Jr., Freeman & Hawkins, H Lane Young II, Allen L. Broughton,* for appellees.

---

[1] Airmotive does not contend the Authority's termination of the lease was invalidated the basis that it took timely action contesting alleged violations of the Open Meetings A