655 So.2d 1310 (1995)
Jean C. GORR, Appellant,
v.
SHERIDAN TRAVELS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 94-0656.
District Court of Appeal of Florida, Fourth District.
June 14, 1995.
Jean C. Gorr, Margate, pro se appellant.
William T. Moore, Tallahassee, for Appellee-Unemployment Appeals Commission
PER CURIAM.
We reverse, as manifestly against the weight of the evidence, the decision of the Unemployment Appeals Commission which reversed the determination of the appeals referee and denied Appellant benefits.
*1311 The appeals referee found that Appellant had good cause for voluntarily leaving her employment with a travel agency based on evidence of uncertainty the employer had created about the agency's operation in the immediate future. The company was in financial difficulty and was threatened with the loss of its bond, which had been cancelled and would probably not be renewed, and the owner was disposing of the business. The commission rejected the referee's decision, finding the working conditions in the record were not such as would impel the average worker to give up employment.
At the hearing before the appeals referee, which the employer did not attend, Appellant testified to numerous job problems and reasons for leaving. Her testimony included unrebutted evidence that a principal reason for her departure was that the employer was performing, and requiring her to perform, acts, such as unauthorized backdating of ticket orders, which she considered improper, unprofessional, and illegal.
Although we are not aware of any Florida opinion that previously has held this to be the case, we believe that an employer's requiring an employee to perform acts which the employee reasonably believes violate the law furnishes the employee with good cause, attributable to the employer, to voluntarily leave employment, within the meaning of section 443.101(1)(a), Florida Statutes. See generally O'Brien v. Employment Appeal Bd., 494 N.W.2d 660 (Iowa 1993); Parnell v. River Bend Carriers, Inc., 484 N.W.2d 442 (Minn. Ct. App. 1992); Hawthorne v. Universal Studios, Inc., 432 N.W.2d 759 (Minn. Ct. App. 1988).
As the evidence is unrebutted, we see no need for a hearing on remand to make any further determination concerning Appellant's motivation for leaving her employment. Accordingly, we reverse and direct that Appellant be deemed qualified to receive benefits.
GLICKSTEIN, STONE and FARMER, JJ., concur.