493 S.E.2d 302 (1997)
Rebecca L. MARLOW, Petitioner-Appellant,
v.
NORTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Respondent-Appellee.
No. COA96-1501.
Court of Appeals of North Carolina.
November 18, 1997.
Catawba Valley Legal Services, Inc. by John Vail, Morganton, for petitioner-appellant.
Employment Security Commission of North Carolina by Chief Counsel Thelma M. Hill and Deputy Chief Counsel Henry Gransee, Raleigh, for respondent-appellee.
JOHN, Judge.
Petitioner appeals the trial court's order affirming decisions of the Employment Security Commission of North Carolina (the Commission) and the Appeals Referee denying her claim for unemployment benefits. We reverse the trial court.
The underlying facts are essentially uncontroverted and pertinent portions are set out in the findings of fact of the Appeals Referee as follows:
1. [Petitioner] worked for Carpenter Decorating Company ... as a machine operator....
....

*303 3. [She] left this job because her immediate supervisor made repeated sexual comments to her in the workplace over a period of several years up until [her termination]. [Petitioner] was offended and intimidated by the supervisor's behavior and told him to stop it, but he never did....
4. The supervisor's behavior amounted to sexual harassment....
5. [The][e]mployer's policy, known to [petitioner] at the times in question, prohibited sexual harassment and required that it be reported to upper management if the harasser was the direct supervisor.
6. [Petitioner] never reported the sexual harassment to any management over the immediate supervisor because she thought that she would not be believed....
The Appeals Referee further found that "[b]y failing to report the sexual harassment to upper management before leaving the job, [petitioner] denied employer the opportunity to solve the problem."
Based upon the foregoing findings, the Appeals Referee concluded petitioner's termination of employment was not for good cause attributable to her employer, and denied her claim for unemployment benefits. On 9 April 1996, the Commission affirmed and adopted as its own the decision of the Appeals Referee. Petitioner sought judicial review 24 April 1996 in Catawba County Superior Court, which affirmed the Commission 20 August 1996. Petitioner filed notice of appeal to this Court 16 September 1996.
Upon leaving her position at Carpenter Decorating Company (CDC), petitioner filed for unemployment benefits pursuant to the Employment Security Act (the Act), codified at N.C.G.S. § 96-1 et seq. (1995). The Act is to be liberally construed in favor of applicants. Eason v. Gould, Inc., 66 N.C.App. 260, 263, 311 S.E.2d 372, 374 (1984), aff'd, 312 N.C. 618, 324 S.E.2d 223 (1985). Further, in keeping with the legislative policy to reduce the threat posed by unemployment to the "health, morals, and welfare of the people of this State," N.C.G.S. § 96-2 (1995), statutory provisions allowing disqualification from benefits must be strictly construed in favor of granting claims. Barnes v. The Singer Co., 324 N.C. 213, 216, 376 S.E.2d 756, 758 (1989).
The statutory disqualification provision applicable to the case sub judice is N.C.G.S. § 96-14(1)(1995), which states, inter alia:
An individual shall be disqualified for benefits... if it is determined by the Commission that such individual is, at the time [his] claim is filed, unemployed because he left work without good cause attributable to the employer.
Petitioner has consistently maintained she terminated employment with CDC because of sexual harassment by her immediate supervisor, and, indeed, the Appeals Referee found as a fact that her "supervisor's behavior amounted to sexual harassment of [petitioner]." Consequently, petitioner continues, she left for "good cause attributable to the employer" and was not, as a result, disqualified from receipt of unemployment benefits by G.S. § 96-14(1).
An employee who terminates employment for "good cause" leaves for a reason "that would be deemed by reasonable men and women as valid and not indicative of an unwillingness to work." Watson v. Employment Sec. Comm., 111 N.C.App. 410, 413, 432 S.E.2d 399, 401 (1993). It cannot be contested that sexual harassment in the workplace constitutes good cause under G.S. § 96-14(1) for leaving employment, and the Commission has advanced no argument to the contrary. See Phelps v. Vassey, 113 N.C.App. 132, 137, 437 S.E.2d 692, 695 (1993) ("[t]he public policy of North Carolina must be to stop sexual harassment in the work place"), and In re Bolden, 47 N.C.App. 468, 471, 267 S.E.2d 397, 399 (1980) (had claimant "left her job because of racial discrimination practiced against her by her employer, she would have had good cause attributable to her employer and so would not have been disqualified for benefits"); see also Hoerner Boxes, Inc. v. Mississippi Employment Sec. Com'n, 693 So.2d 1343, 1348 (Miss.1997) ("sexual harassment in the work place constitutes good cause for voluntarily *304 leaving employment in the context of unemployment compensation benefit claims").
Moreover, the Commission, in asserting that the trial court ruled properly and in responding to petitioner's argument to this Court, does not focus upon imputation to CDC of the supervisor's actions in sexually harassing petitioner. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1350-52 (1995) (where supervisor's sexual misconduct occurred "in the workplace, during working hours, on an employee whom he had authority to hire, fire, promote, and discipline," supervisor acted within scope of his employment such that employer is vicariously liable in action grounded on supervisor's actions); Hogan v. Forsyth Country Club Co., 79 N.C.App. 483, 492, 340 S.E.2d 116, 122, disc. review denied, 317 N.C. 334, 346 S.E.2d 140 (1986) ("`designation "manager" implies general power and permits a reasonable inference that he was vested with the general conduct and control of defendant's business..., and his acts are, when committed in the line of his duty and in the scope of his employment, those of the company'") (quoting Gillis v. Great Atlantic & Pacific Tea Co., 223 N.C. 470, 474, 27 S.E.2d 283, 285 (1943)).
Rather, the Commission, in arguing petitioner's termination of employment was not for good cause attributable to CDC, points in the main to findings of the Appeals Referee that CDC was never advised by petitioner of the supervisor's actions notwithstanding CDC's policy against sexual harassment, and that petitioner's "fail[ure] to report the sexual harassment to upper management before leaving the job ... denied [CDC] the opportunity to solve the problem." Accordingly, the Commission asserts, the trial court properly affirmed the determination of the Appeals Referee that plaintiff's leaving employment at CDC was not attributable to her employer:
[T]he facts in this unemployment case do not show this employer was at fault since it had a policy prohibiting sexual harassment and did not know that the claimant had been sexually harassed since she did not follow the employer's reasonable policy that required reporting it to the "upper management."
The Commission's argument is unfounded.
An earlier decision of this Court, In re Werner, 44 N.C.App. 723, 725, 263 S.E.2d 4, 6 (1980), squarely resolved the question of whether an employee's failure to seek redress under the employer's grievance procedure rendered her departure without good cause attributable to the employer. In Werner, we affirmed the trial court's ruling that
as a matter of law, claimant's failure to use the grievance machinery did not render the separation voluntary or without good cause attributable to the employer.
Werner, 44 N.C.App. at 728, 263 S.E.2d at 7. In reaching this holding, we examined the legislative intent behind enactment of G.S. § 96-1 et seq.:
Although the General Assembly could have, by statute, disqualified all such employees who do not exhaust the employer's grievance machinery, it has not done so. The disqualifying provisions of G.S. 96-14 are to be construed strictly in favor of the claimant.... It therefore would not be consistent with the public policy of our State, as expressed in G.S. 96-2 or the opinions of our courts, to disqualify from benefit eligibility such employees for not availing themselves of the employer's grievance machinery.
Id. (citation omitted).
The holding of Werner is precisely on point with the facts herein: petitioner's mere failure to report sexual harassment pursuant to her employer's grievance policy did not, in itself, disqualify her from unemployment benefits eligibility. See also In re Clark, 47 N.C.App. 163, 167, 266 S.E.2d 854, 856 (1980) (citing Werner for holding that employee terminating employment for good cause attributable to employer is not, in order to preserve employee's claim for unemployment benefits, obligated to attempt resolution of the conflict prior to leaving). Petitioner's failure to report her supervisor's misconduct having been the basis for the Commission's denial of her unemployment benefits claim, the trial court erred in affirming the Commission. Construing the relevant disqualifying provisions strictly and in favor of granting petitioner's claim, Barnes, 324 N.C. at 216, 376 S.E.2d at 758, we hold that petitioner, under the circumstances sub judice, left *305 employment with CDC for good cause attributable to her employer. See Werner, 44 N.C.App. at 728, 263 S.E.2d at 7, and Clark, 47 N.C.App. at 167, 266 S.E.2d at 856.
Based on the foregoing, the order of the trial court is reversed and this case remanded to that court for further remand to the Commission with instructions to ascertain the period of petitioner's entitlement to unemployment benefits and thereupon to award her the appropriate amount thereof.
Reversed and remanded.
LEWIS and SMITH, JJ., concur.